**Jerry CHARPENTIER,**
**Plaintiff-Appellant,**

v.

**FLUOR OCEAN SERVICES, INC., et al.,**
**Defendants-Appellees.**

No. 75–1454.

United States Court of Appeals,
Fifth Circuit.

June 24, 1976.

Rehearing Denied Aug. 13, 1976.

Robert A. Pitre, Jr., Abbott J. Reeves, Gretna, La., for plaintiff-appellant.

Donald L. King, Frank C. Allen, Jr., New Orleans, La., for defendants-appellees.

Before TUTTLE, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Jerry Charpentier injured his knee while working for Fluor on a barge owned and operated by it. After two operations on the knee, and after receiving approximately $7,500 in medical expenses and maintenance and cure, Charpentier signed a release of claims in return for an additional payment of $20,000. However, after allegedly discovering that he was permanently disabled, he sued under the Jones Act, 46 U.S.C. § 688 (1970), to obtain recompense for the injury. The district court entered summary judgment for Fluor on the ground that Charpentier's Jones Act complaint was barred by the release. Because the documentation before the court demonstrates that an unresolved material

issue of fact as to the circumstances under which the release was given remained, we reverse and remand the cause for further proceedings.

Charpentier filed an affidavit setting out that he was overreached in the settlement negotiations because the doctor for defendant-appellee Liberty Mutual Insurance Company who treated him told him that he would recover fully from his injury and would be able to return to work in a couple of months. He averred that he was in fact unable to return to his former job or to engage in similar work. He further swore that in the course of a Social Security hearing six months after the settlement, he discovered that the treating physician had established at the time he was discharged that he would suffer the permanent partial disability, yet never advised him of this consequence.

The party who attempts to rely on a maritime release has the burden of proving its validity. *Robertson v. Douglas Steamship Co.*, 510 F.2d 829, 835 n. 4 (5th Cir. 1975). To sustain a summary judgment based on such a release, the moving party must carry the additional burden of demonstrating that no controverted issues of material fact as to validity survive. *See* Fed. R.Civ.P. 56.

Here, however, if Charpentier's allegations are taken as true and in a light most favorable to his claim, they make out a case of concealment from him, by the insurer or its agent, of fact-type information material to his decision to accept or reject the proffered settlement. The truth or falsity of this assertion must be determined in order to establish whether the release was the result of fraud or overreaching or a mutual mistake of fact on the one hand or represented the genuinely knowing and voluntary agreement of Charpentier on the other. *See Strange v. Gulf & South American Steamship Co.*, 495 F.2d 1235, 1236 (5th Cir. 1974). Accordingly, we reverse the summary judgment for defendants and remand the case to the district court for the appropriate factual development.

REVERSED AND REMANDED.