John Martin CRAIG, Plaintiff-Appellant,

v.

Wayne B. COLBURN, Director, United
States Marshals Service,
Defendant-Appellee.

No. 76–1619.

United States Court of Appeals,
Tenth Circuit.

Argued Sept. 29, 1977.

Decided Feb. 23, 1978.

Charles D. McAtee, Topeka, Kan. (of Eidson, Lewis, Porter & Haynes, Topeka, Kan., on the brief), for plaintiff-appellant.

Gerald M. Auerbach, Acting Legal Counsel, U. S. Marshals Service, U. S. Dept. of Justice, Washington, D. C. (E. Edward Johnson, U. S. Atty., Dist. Kansas, Topeka, Kan., on the brief), for defendant-appellee.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

John M. Craig, the Chief Deputy United States Marshal for the District of Kansas in Topeka, GS–12, was reassigned by Wayne B. Colburn, then the Director of the United States Marshals Service, to the position of Chief Deputy United States Marshal for the Eastern District of Michigan in Detroit, also GS–12. Craig objected to his reassignment and when his objections were unavailing, he brought the present action, challenging his reassignment and praying for declaratory,

mandamus, and permanent injunctive relief. After bringing the action, Craig, when advised that if he did not report to the Detroit office he would be placed on AWOL status and that such would be ground for termination, did in fact report for duty in the United States Marshal's office in Detroit. Craig thereafter served in the Detroit office for some three years as its Chief Deputy. Craig was then reassigned to the position of Chief Deputy United States Marshal for the Western District of Missouri, still GS–12, and is presently serving in that position in Kansas City, Missouri.

The matter came on for trial at a time when Craig was still serving in the Detroit office. At the conclusion of the trial, the judge entered detailed findings of fact and conclusions of law, which are now reported in *Craig v. Colburn*, 414 F.Supp. 185 (D.Kan.1976). The reader of this opinion is directed to the decision of the district court for general background material. Such will not be repeated here, and reference thereto will be limited to matter necessary to an understanding of our resolution of this appeal.

■ Although Craig asserts that there are some six issues to be resolved in this appeal, in reality there is one overriding issue, namely, whether the involuntary reassignment of Craig from the position of Chief Deputy United States Marshal for the District of Kansas to the position of Chief Deputy United States Marshal for the Eastern District of Michigan was valid and lawful under existing statutes and agency regulations. Our study of the matter leads us to conclude that Craig's reassignment was valid and lawful, and we therefore affirm.

Historically, the United States Marshal's office was subject to political patronage, from top to bottom. In the late 1960's, effort was made to bring the office under Civil Service, and in 1969 such efforts were successful to the end that, except for the position of United States Marshal, all other personnel were brought under Civil Service. Craig was made Chief Deputy United States Marshal for the District of Kansas

under the earlier spoils system, and there is no doubt but that under that system he would not be reassigned to another district without his consent. However, bringing the office of United States Marshal, except for the Marshal himself, under Civil Service brought change which entailed both opportunities and responsibilities not previously existing.

As indicated, the immediate question is whether the Director of the United States Marshals Service had the authority to assign Craig, over the latter's objection, from the position of Chief Deputy United States Marshal for the District of Kansas to the position of Chief Deputy United States Marshal for the Eastern District of Michigan. We hold that the director had such authority under 5 U.S.C. §§ 301, 302; 28 U.S.C. §§ 509, 510; 5 C.F.R. § 335.102(a); and 28 C.F.R. § 0.138a. Specifically, 5 C.F.R., § 335.102(a), a regulation pertaining to the Civil Service Commission, provides that an agency may "Promote, demote, or reassign a career or career-conditional employee or an employee serving under career executive assignment." And 28 C.F.R. § 0.138a, which relates specifically to the U. S. Marshals Service, provides as follows:

> The Director of the United States Marshals Service is authorized to exercise the power and authority vested in the Attorney General by law to take final action in matters pertaining to the employment, direction, and general administration (including appointment, assignment, training, promotion, demotion, compensation, leave classification, and separation) of personnel in General Schedule grades GS–1 through GS–13 and in wage board positions, and to employ on a temporary basis experts or consultants or organizations thereof, including stenographic reporting services (5 U.S.C. 3109(b)). All personnel actions taken under this section shall be subject to postaudit and correction by the Assistant Attorney General for Administration.

■ On the general subject of the assignability of federal employees, see our unpublished opinion, *Hise v. Department of*

*Transportation,* No. 75–1253, filed April 23, 1976, wherein we stated that federal agencies are vested with considerable latitude in assigning employees within their employ. Our statement in *Hise,* which specifically related to job assignment, was in turn grounded on a statement in *United States v. Testan,* 424 U.S. 392, 406, 96 S.Ct. 948, 47 L.Ed.2d 114 (1975), which concerned job classification, to the effect that federal agencies "continue" to have discretion in determining most matters relating to terms and conditions of federal employment. Based, then, on the statutes and regulations above cited, we conclude that the Director had the authority to reassign Craig to the Detroit office.

As mentioned above, Craig was a GS–12 as Chief Deputy Marshal in Kansas and he remained a GS–12 as Chief Deputy Marshal in the Eastern District of Kansas. Notwithstanding, Craig asserts that the position of Chief Deputy for the Eastern District of Michigan is a position of "known promotion potential," and, being such a position, under applicable regulations the position should have been filled only after competitive selection procedures, and not by reassignment. For a more detailed discussion of this particular matter, see the opinion of the district court above cited. In this regard, we doubt that Craig has standing to raise this point. Assuming arguendo that competitive selection procedures were required, an employee who was denied the opportunity to compete for this position might well have standing. But even if the Detroit position should have been filled only after competitive selection procedures, any deviation therefrom inured to Craig's benefit, and not detriment. Be that as it may, we are not impressed with Craig's suggestion that the position of Chief Deputy Marshal for the Eastern District of Michigan could only be filled after competitive selection procedures. Under the circumstances, reassignment was a proper method.

Initially, there was some suggestion that Craig's reassignment was a form of retaliatory disciplinary action and was therefore arbitrary and capricious. The record does not support such suggestion. On the contrary, the record discloses, and the trial court so found, that Craig had an excellent record as Chief Deputy Marshal in Kansas and that the reassignment was prompted by the fact that there was then a vacancy in the position of Chief Deputy Marshal for the Eastern District of Michigan, and that a person with Craig's unique skill was needed to fill the position. We find nothing arbitrary or capricious in the Director's reassignment of Craig. Any displeasure or discomfort caused Craig by his reassignment from the Marshal's office in Topeka to the Marshal's office in Detroit stems from the fact that his position was brought under Civil Service. In such circumstance any detriment must be accepted along with the benefit.

Judgment affirmed.