Leopoldo Cintron OLIVER, Plaintiff,
v.
VETERANS ADMINISTRATION and
United States of America,
Defendants.

Civ. No. 80–758.

United States District Court,
D. Puerto Rico.

May 11, 1981.

Fernando E. Agrait, Hato Rey, P. R., for plaintiff.

Roberto Moreno, Asst. U. S. Atty., Hato Rey, P. R., for defendants.

OPINION AND ORDER

GILBERTO GIERBOLINI, District Judge.

Plaintiff filed this action alleging he was terminated from his part-time employment as a staff psychiatrist by the Veterans Administration Hospital in San Juan, Puerto Rico contrary to that agency's regulation and in violation of the due process clause of the Fifth Amendment to the Constitution of the United States. He also sought reinstatement, backpay and the collection of a certain amount of money which was allegedly unlawfully withheld by defendants. The parties have filed cross motions for summary judgment properly supported and in addition they have entered into a comprehensive stipulation of facts. After due consideration of the record and the above stipulation, the court finds that:

On July 1, 1971, plaintiff entered into a Career Residency contract with the Veter-

ans Administration.[1] This contract stipulated residency training in psychiatry contemporaneously with performance of service in the Department of Medicine and Surgery of the Veterans Administration Hospital for a period of three years. In exchange for this training, plaintiff obligated himself to remain in the employment of the administration as a full time psychiatrist for a specified period after the completion of his training.

During the period of training and thereafter during the period of obligatory service, plaintiff was precluded from engaging in professional activities for remuneration[2] outside the Veterans Administration employment.

Following his training, plaintiff was offered a full time position as staff psychiatrist at the Veterans Administration Hospital in San Juan where he could perform his period of obligated service. He accepted. Subsequently, on December 30, 1974 plaintiff requested a change from his full time position as a staff psychiatrist to that of "⅞ part time" psychiatrist.[3] He asserted that this change in status would not interfere or reduce his efficiency nor the completeness in the performance of his duties. The Veterans Administration acceded to his request with the proviso that his period of obligated service be extended proportionately.[4]

From about January to July, 1975, the Agency conducted an investigation at the San Juan Veterans Administration Hospital. During the course of this investigation, plaintiff submitted a sworn statement whereby he admitted having been engaged in remunerated outside professional activities since about August 1974, while being a full time physician with the Veterans Administration. This admission is also contained in paragraphs 17, 18 and 19 of the stipulation filed by the parties.

On November 25, 1975, while serving in a part-time capacity, plaintiff was notified his appointment with the Veterans Administration would be terminated as of December 5, 1975. The Notice of Termination informed plaintiff that amounts due from the Veterans Administration for salary, accrued leave and retirement deductions would be temporarily withheld pending a final determination of indebtedness under the terms of the Career Residency contract.[5]

Plaintiff alleges that jurisdiction lies with this court, pursuant to the Tucker Act (28 U.S.C. Section 1346); the mandamus statute (28 U.S.C. § 1361); the Administrative Procedure Act, (5 U.S.C. § 701 *et seq.*); the general federal question statute (28 U.S.C. § 1331) and the due process provision of the Fifth Amendment to the Constitution of the United States. Defendants deny jurisdiction. We will now examine these jurisdictional assertions in turn.

Plaintiff's monetary claim, petition for reinstatement and back pay clearly exceed $10,000.00. Prior to 1964, 28 U.S.C. § 1346(d)(2) barred the district courts from

---

1. The contract is termed a "Contract to Receive Career Residency Training in a Specialty and Perform Obligated Service."

2. On June 1, 1971, plaintiff signed a Certification of Outside Professional Activity, VA Form 10–1015 in which he acknowledged full understanding of the prohibition. Later, on June 5, 1974, plaintiff signed a letter-agreement confirming the terms of his upcoming period of obligated service with the Veterans Administration.

3. Plaintiff based his request on the assertion that unforeseen economic needs required him to supplement the income derived from the Veterans Administration by means of additional private or public practice of his specialty but that existing Veterans Administration regulations precluded this. It should be noted that "part time" psychiatrists may engage in an outside professional practice while being employed in that capacity with the Veterans Administration.

4. It was clear that in the event that plaintiff failed to complete the obligated service due, the amount to be restituted to the Veterans Administration would be determined by the Personnel Officer. Also, that as a part-time employee he could not treat patients outside the hospital with whom he had dealings in his official capacity.

5. It was thereafter determined that plaintiff was indebted to the agency in the amount of $8,707.50 by reason of his "failure to perform obligated service due" under the terms of the contract. Of said amount, the sum of $7,046.62 was withheld, leaving an outstanding balance of $1,660.88.

entertaining any civil action brought by an officer of the United States to recover fees, salary or compensation. *Bruner v. U. S.,* 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786 (1952). The Court of Claims had exclusive jurisdiction of those cases regardless of the amount claimed. In 1964, Congress deleted subsection (d)(2). Subsection (a)(2) is now applicable in those instances where claims for back pay are made. Presently, district courts enjoy concurrent jurisdiction with the Court of Claims over such cases, provided the amount claimed does not exceed $10,000.00. See *Carter v. Seamans,* 411 F.2d 767, 771 (5th Cir. 1969), cert. denied, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970).

■ It is clear from the language of 28 U.S.C. Section 1346(a)(2) that the Court of Claims is the court vested with exclusive jurisdiction to entertain the action before us.[6] See *Cook v. Arentzen,* 582 F.2d 870 (4th Cir. 1978); *Polos v. United States,* 556 F.2d 903 (8th Cir. 1977). See also *Crawford v. Cushman,* 531 F.2d 1114 at page 1126 (2d Cir. 1976); *Warner v. Cox,* 487 F.2d 1301 at 1305 (5th Cir. 1974); *Mathis v. Laird,* 483 F.2d 943 (9th Cir., 1973).

Thus, we find that this statutory provision cannot serve as a jurisdictional basis to entertain a claim in excess of $10,000.00 since this would infringe on the exclusive jurisdiction of the Court of Claims.[7]

■ As to jurisdiction claimed under 28 U.S.C. § 1361, we have held that *mandamus*[8] remedy is an extraordinary one, to be used only with great caution, in certain carefully defined circumstances, *McNutt v. Hills,* 426 F.Supp. 990 (D.C.D.C.1977) and only in the clearest and most compelling of cases. *Ex Parte Collett,* 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949); *Craig v. Colburn,* 414 F.Supp. 185 (D.C.Kan.1976) affd. 570 F.2d 916. The Supreme Court has held that this drastic remedy is to be invoked only in extraordinary situations, *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). The following elements must be unmistakably present: (1) clear right of plaintiff to the relief sought. (2) plainly defined and peremptory duty on part of defendant to act as requested by plaintiff (3) lack of another adequate remedy available. *Food Service Dynamics Inc. v. Bergland,* 465 F.Supp. 1178 (1979); *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 946 (2nd Cir., 1976). These elements are totally absent in the case at bar, and therefore, *mandamus* is not a proper remedy.[9]

6. Section 1346(a)(2) reads as follows:
 "(a) The District Court shall have original jurisdiction, concurrent with the Court of Claims, of:
 \* \* \* \* \* \*
 (2) Any other civil action or claim against the United States, not exceeding $10,000.00 in amount, founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort . . ." (Emphasis added)

7. In *Glidden Co. v. Zdanok,* 370 U.S. 530 (1962) at 556–557, 82 S.Ct. 1459, 1475–76, 8 L.Ed.2d 671 the Supreme Court went on to say on precisely the same point:
 "Indeed there is reason to believe that the Court of Claims has been constituted as it is precisely to the end that there may be a tribunal specially qualified to hold the Government to strict legal accounting. From the beginning, it has been given jurisdiction only to award damages, not specific relief.

But far from serving as a restriction, this limitation has allowed the Court of Claims a greater freedom than is enjoyed by other federal courts to inquire into the legality of government action. See *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682 (1949) at 702–704 [69 S.Ct. 1457, 1468, 93 L.Ed. 1628]; *Malone v. Bowdoin,* 369 U.S. 643 [82 S.Ct. 980, 8 L.Ed.2d 168] (1962). Brewer, *Judicial Review by Money Judgment in the Court of Claims,* 21 Fed.B.J. 179 (1961)."

8. 28 U.S.C. Section 1361 provides:
 "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

9. See *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193, 1980; *Kerr v. U. S. District Court,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943); cf., *U. S. v. Kane,* 1st Cir., 646 F.2d 4, 1981.

■ Next we find that plaintiff's reliance upon 5 U.S.C. Sections 701–702 as a jurisdictional basis is completely misplaced. The purpose of the Administrative Procedure Act is to define the procedures and manner in which judicial review of agency action is to be conducted. *Ove Gustavsson Contracting Co. v. Floete*, 278 F.2d 912 (2nd Cir. 1960). The statute does not furnish an independent grant of jurisdiction in the United States district courts. See *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

■■ Plaintiff does not discuss his claim of jurisdiction under 28 U.S.C. § 1331, but in that regard suffice it to say that as previously summarized, plaintiff's claims cannot possibly serve as a basis for federal question jurisdiction under 28 U.S.C.A. Section 1331. Federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, or if they are obviously frivolous or no longer open to discussion. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) and cases cited therein.

■ Federal question must be substantial and must form an integral part of the complaint, and the fact that a mere incidental or collateral federal question may appear or lurk in the background of the record does not form a sufficient or adequate basis upon which federal jurisdiction may attach. *Screven County v. Brier Creek*, 202 F.2d 369 (5th Cir. 1953) cert. denied, 345 U.S. 994, 73 S.Ct. 1136, 97 L.Ed. 1402.

■ It is settled that to bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one of the plaintiff's cause of action and the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

■ Thus, it is not sufficient to merely allege that a federal statute is involved in an action in order to maintain federal jurisdiction. It is necessary, in addition, that the complaint assert a claim founded directly upon federal law, and such claim must be essential to plaintiff's cause of action. *Paac v. Rizzo*, 502 F.2d 306 (3rd Cir. 1974) cert. denied, 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804. A suit does not arise under the laws, treaties or Constitution of the United States unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends.

Applying the above criteria, we must conclude that this suit does not arise under the laws, treaties or Constitution of the United States. The sole fact that plaintiff worked for the Veterans Administration does not convert his cause of action in one arising under the laws of the United States. The right created by federal statute is not an essential element to the petitioner's cause of action; condition that must be satisfied to invoke federal jurisdiction. Furthermore, the right or remedy he requests does not depend in any way upon the validity, construction or effect of any law pertaining to the Veterans Administration.

From what has been said, it is clear that no jurisdiction exists as claimed by plaintiff. Nonetheless, instead of granting dismissal as requested by defendant, we shall address our attention to the alleged Fifth Amendment violation raised by plaintiff. Under 28 U.S.C. section 1343, which is the jurisdictional counterpart to an alleged Fifth Amendment violation, we have jurisdiction.

Plaintiff adduces that the agency action did not provide for even the minimum standard of due process. In order to adequately assess the validity of this argument, we must view the agency regulations dealing with part-time employees, which was plaintiff's status at the time of termination, together with the particular facts of the case.

Veterans Administration regulations provide that full time employees converting to part-time status after completion of their probationary period lose their tenure, are not covered by disciplinary action, grievances or hearing provisions and may be terminated without advance notice.[10]

 It is settled that if the aggrieved party has no protected property interest such as job tenure or a liberty right arising from the circumstances surrounding the termination, due process itself does not apply, and the party is left with only those procedural protections established by the employing agency. See *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

According to plaintiff "the issue is whether in their particular facts the plaintiff had a right to minimum due process."[11] He then requests "some kind of hearing".[12] In order to assay this contention we must first look at the pertinent facts to see if they support the claim for a hearing.

The stipulation of facts entered into by the parties and summarized at the beginning of this Opinion makes it clear that plaintiff entered into a contract with the Veterans Administration for residency training in psychiatry contemporaneously with performance of service in the Department of Medicine and Surgery. In turn plaintiff agreed to remain in the employment of the Veterans Administration as a full time psychiatrist for a certain period of time after the completion of his training. During that time plaintiff was precluded, according to the contract, from engaging in outside professional activities for pay. Sometime thereafter plaintiff's status was changed at his own request to that of part-time psychiatrist. The difficulties for

plaintiff started when an investigation conducted by the Veterans Administration disclosed that he had engaged in outside professional activities for remuneration at a time when his contract specifically prohibited such activities. That was the only reason for the termination of the contract by the employer.[13]

The charge is readily admitted by plaintiff in paragraphs 17, 18 and 19 of the stipulation and in a sworn statement given by him on June 2, 1975. Furthermore, paragraph 5 of the complaint is to the effect that the dismissal was not due to any wrongdoing on the part of plaintiff aside from the violation regarding outside activity for remuneration.

 The remedy mandated by the due process clause is an opportunity to refute the charge. *Rodríguez de Quiñones v. Pérez*, 596 F.2d 486 (1st Cir. 1979). It is where a person's good name, reputation, honor or integrity is at stake because of what the government is doing, that notice and an opportunity to be heard are essential. *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971). The hearing required where a non-tenured employee has been stigmatized in the course of a decision to terminate his employment is solely to provide the person an opportunity to clear his name. *Codd v. Velger*, 429 U.S. 624, 627, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977). But when the stigma, which is a mark of shame and discredit,[14] is not inflicted by the government or when the employee admits the pertinent facts, then there is no useful purpose for a hearing.

Plaintiff seems to be in accordance with the above when at page 3 of his memorandum he cites Professor Davis in his Admin-

---

**10.** DM & S Suppl. MP–t, Part II, Chapter 4, Change 1, 4.08 (pages 4–6): MP–5 Part II, Chapter 8, Sect. A–July 26, 1965 (page 8A1 and 8A2); and Sec. A., Par. 8A.01 June 1, 1964 and Interim Issue 5–69–4 of May 27, 1969; MP–5 Part II, Chapter 9.6.

**11.** Memorandum in Support of Plaintiff's Summary Judgment dated December 29, 1980, page 2.

**12.** Id. page 3.

**13.** See Exhibit B, par. 3, and Exhibit C, par. 2, submitted by plaintiff in support of his memorandum dated December 29, 1980.

**14.** Webster's Third New International Dictionary of the English Language, unabridged, 1976 Edition, page 2243.

istrative Law Treatise, 2nd Ed. Vol. 2 at page 364, as saying:

"Although a probationary employee may not be discharged without opportunity for hearing if the discharge inflicts a stigma, such opportunity is not required when the employee does not deny the allegations which give rise to a stigma, because the sole purpose of the hearing would be to clear the employee's name, and that purpose cannot be achieved if the allegations are undenied."

The above is enough to dispose of this issue but we may add that in this case we are not convinced that the facts used by the government to terminate plaintiff and readily admitted him, have any stigmatizing effect.

Considering all of the above, we conclude that there is no genuine issue of fact as to any material fact in accordance to Rule 56(c) of the Federal Rules of Civil Procedure and therefore, defendant is entitled to judgment as a matter of law. See 10 Wright and Miller, Sec. 2727, p. 524; see also *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mack v. Cape Elizabeth School Board*, 553 F.2d 720 (1st Cir. 1977); *Charpentier v. Fluor Ocean Servs., Inc.*, 534 F.2d 71 (5th Cir. 1976).

WHEREFORE, the Motion for Summary Judgment filed by plaintiff is DENIED and the Motion for Summary Judgment filed by defendant is GRANTED. Consequently, the complaint is hereby dismissed.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.