LOBRANO, Judge.
The issue before us on appeal is whether there exists a genuine material issue of fact so as to preclude defendant’s motion for summary judgment.
Louis Stalnaker, plaintiff, filed suit in Civil District Court for Orleans Parish seeking damages under the Jones Act and General Maritime Laws. Plaintiff alleged he was injured while working for McDer-mott International, Inc., defendant, as a seaman aboard the vessel, “Jaramac 54”. Defendant answered plaintiff’s suit asserting the matter had been settled and compromised on September 15, 1983 wherein plaintiff received $4,000.00 for his personal injuries, $3,801.35 for medical expenses and $2,107.29 for maintenance and cure. Defendant moved for a summary judgment which was granted by the trial court. Plaintiff perfects this appeal.
Plaintiff asserts that there exists genuine issues of material fact which preclude summary judgment, and argues the release is invalid for the following reasons:
1) Plaintiff was under the influence of prescriptive drugs at the time of the release;
2) Plaintiff was not represented by counsel at the time of the release;
3) Plaintiff signed the release only with respect to his rib injuries;
4) Defendant did not pay the medical bills specified in the release;
5) Plaintiff executed the release under duress.
Although the substantive law applicable in dealing with the validity of a seaman’s release is that which has developed in the federal admiralty and maritime jurisprudence, Lavergne v. Western Co. of North America, 371 So.2d 807 (La.1979) the procedural device of summary judgment is governed by Louisiana law. Code of Civil Procedure Article 966 provides that a summary judgment is proper if, after considering the pleadings, affidavits and other supporting documents, there exists no genuine material issues of fact or law. A party adverse to the motion cannot rely solely on the mere allegations or denials in his pleadings. La.C.C.Pro. 966. It is well settled that a summary judgment is not to be used as substitute for a trial on the merits, nor should the court seek to determine whether it is likely the mover will prevail on the merits. Oiler v. Sharp Electric, 451 So.2d *140 1235 (La.App.4th Cir.1984), writ denied, 457 So.2d 1194.
It is well settled that releases signed by seamen are given the most careful scrutiny. Halliburton v. Ocean Drilling and Exploration, 620 F.2d 444 (1980). The support for this principle can be found as early as 1823 wherein Justice Story, sitting on the Circuit, stated:
“They [seamen] are emphatically the wards of the admiralty; and though not technically incapable of entering into a valid contract, they are treated in the same manner as courts of equity accustomed to treat young heirs, dealing with their expectancies, wards with their guardians, and cestuis que trust with their trustees.” Harden v. Gordon, 11 Fed Cas. at 485 (1 Cir.1823).
Subsequent jurisprudence has termed the release of a seaman precarious, at best, and has clearly laid the burden on the party seeking to uphold the release to show that it was given with an informed understanding by the seaman and an appreciation of the consequences of the release. Cates v. United States of America, 451 F.2d 411 (5th Cir.1971). A release is not valid unless it has been executed without deception or coercion. Charpentier v. Fluor Ocean Services, Inc., 534 F.2d 71 (5th Cir.1976). On a motion for summary judgment predicated on a seaman’s release, the Federal jurisprudence has placed a heavy burden on the shipowner for he must conclusively demonstrate the absence of genuine issues of material fact. Halliburton, supra.
In the instant case, defendant submitted the transcribed testimony of plaintiff given at the execution of the receipt and release as well as the release document itself in support of its motion. Plaintiff relies on his deposition testimony in opposing the motion. After review of this evidence, we are of the opinion that a material issue of fact does exist with respect to the possibility of plaintiff being under the influence of medication when executing the release. A similar situation was presented in Halliburton, supra, and although we recognize that, in the instant case, plaintiff submitted no evidence other than his own testimony that he was using medication at the time of the release, we are convinced a question of fact has been raised in that respect, sufficient to defeat a motion for summary judgment. At the time the release was explained to plaintiff, he was asked the following:
“Q. Are you on any medications?
A. Yes
Q. What medications are you taking?
A. I don’t know the name of them.
Q. O.K. What is it for?
A. But it’s for esophagitis.
Q. O.K.
A. It’s nothing that would hamper my thinking in any way whatsoever.”
In the deposition taken in conjunction with the instant suit, plaintiff states that he was taking Percodan and other medications at the time the release was entered into and in fact was so confused that after signing the release, he went to the bus station even though he had an airline ticket to return home. He testified:
“Q. Okay, What medication were you under for pain?
A. I believe he had given me muscle relaxers. I don’t know the name of the muscle relaxers. And also, I believe Per-codan.”
* * * * * *
“Q. Okay, Now, what effect did that you were taking have on you during the Receipt and Release that you feel makes the Receipt and Release invalid at this time?
A. I didn’t fully understand totally all of the ramifications of this.”
Ordinarily the self serving counter-affidavit or statement of a party opposing a summary judgment might not be sufficient to prevail. However, given the scrutiny required of a seamen’s release and the principle that the court in considering a motion for summary judgment should resolve every reasonable doubt against the mover, we are compelled to reverse this matter. We do not, however, suggest in any way that plaintiff can or should prevail on the merits of this issue, only that there *141 exists enough of a factual doubt to preclude summary judgment. The trial court should reconsider the merits of the issue after a full evidentiary hearing.
REVERSED AND REMANDED.