**DUKE ENERGY FIELD SERVICES ASSETS, L.L.C., et al.,
Plaintiffs,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Defendant.**

**No. CIV. 00–2124(RCL).**

United States District Court,
District of Columbia.

July 18, 2001.

---

Charles Daniel Tetrault, Vinson & El-kins, L.L.P., Washington, DC, Henry S. May, Jr., pro hac vice, Vinson & Elkins, L.L.P., Houston, TX, for plaintiffs.

Dennis Lane, Federal Energy Regulatory Commission, Washington, DC, for Federal Energy Regulatory Com'n., defendant.

Thomas James Eastment, Baker Botts, LLP, Washington, DC, for Chevron U.S.A., Inc., Exxon Mobil Corp., Shell Off-shore, Inc. Amoco Production Co., BP Exploration & Oil, Inc., Texaco Exploration and Production Inc., movants.

Arnold Bruce Podgorsky, Wright & Talisman, P.C., Washington, DC, for Williams Companies, movant.

Kenneth Steven Kaufman, Wright & Talisman, F.C., Washington, DC, for Dynegy Midstream Services, Ltd. Partnership, movant.

Philip Louis Chabot, Jr., McGuire, Woods, Battle & Boothe, LLP, Washington, DC, for Devon Energy Corp., Dominion Exploration & Production, Inc., Forest Oil Corporation, Newfield Exploration Company, Ocean Energy, Inc., The Houston Exploration, Total Exploration Production, Inc., Walter Oil & Gas Corporation, movants.

### *MEMORANDUM AND ORDER*

LAMBERTH, District Judge.

Now before the Court is the defendant's motion to dismiss, and several non-parties' motions to intervene. The underlying dispute concerns the defendant's issuance of Order 639, an order requiring the plaintiffs, who are merchants of oil services, to disclose the prices charged for their oil services. After a full consideration of the parties' memoranda, the applicable law, and for the following reasons, the Court GRANTS the non-parties' motions to intervene and GRANTS the defendant's motion to dismiss.

## I. BACKGROUND

Duke Energy Field Services ("Duke") and El Paso Field Services Co. ("El Paso") own and operate natural gas pipeline facilities in areas covered by the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1301–1356. Several putative intervenors are similarly situated.[1] Duke and El Paso often sell the use of their facilities to others in the natural gas business. Section 1334(f)(1) of the OCSLA obligates companies such as Duke and El Paso to provide "open and non-discrimina-

---

1. Eight parties seek to intervene on behalf of the plaintiffs: The Williams Companies, Dynegy Midstream Services, Chevron U.S.A., Inc., Exxon Mobil Corp., Shell Offshore, Inc., Texaco Exploration and Production, Inc., Amoco Production Co., BP Exploration & Oil, Inc. For ease of reference, the Court refers only to "Duke" and "El Paso" in this Section. It should be understood, however, that the putative intervenors are similarly situated to Duke and El Paso in all material respects.

tory access to both owners and non-owner shippers." 43 U.S.C. § 1334(f)(1).

The Federal Energy Regulatory Commission ("FERC") has the delegated authority to monitor Duke and El Paso's compliance with section 1334(f)(1). The FERC determined that, without additional information, it was impossible to know if companies like Duke and El Paso were complying with section 1334(f)(1). Therefore, on April 10, 2000, after a plenary period of notice and comment, the FERC issued Order No. 639.

Order No. 639 requires Duke and El Paso to publicly file the rates charged for their gas transportation services. Notably, the Order only applies to OCSLA covered natural gas pipelines, and does not apply to pipelines regulated by the Natural Gas Act, 15 U.S.C. §§ 717, et seq. Duke and El Paso seize on this differential applicability and argue that the requirement that they publicly file their rates, while other companies are permitted to keep rates confidential, damages Duke and El Paso's competitive positions in the natural gas shipping market.

Seeking to nullify Order No. 639, Duke and El Paso filed this suit on September 1, 2000. On September 18, 2000, the two companies moved for a preliminary injunction seeking to avoid their first reporting requirement, which was scheduled for October 16, 2000. On October 13, 2000, this Court denied the plaintiff's motion for a preliminary injunction. The Court found that there was no threat of irreparable injury, since FERC regulations permitted public disclosure of any information to be stayed pending further proceedings.

Now before the Court are several motions to intervene and FERC's motion to dismiss. The FERC's chief argument is that Duke and El Paso's complaint must be dismissed because the parties have not complied with 43 U.S.C. § 1349, a provision addressing citizen suits challenging agency actions taken pursuant to OCSLA.

## II. ANALYSIS

### A. Intervention

■ Eight parties seek to intervene on behalf of the plaintiffs: The Williams Companies, Dynegy Midstream Services, Chevron U.S.A., Inc., Exxon Mobil Corp., Shell Offshore, Inc., Texaco Exploration and Production, Inc., Amoco Production Co., BP Exploration & Oil, Inc.

■ Federal Rule of Civil Procedure 24(b) provides that a nonparty "may be permitted to intervene" when a non-party's claim or defense and the main action have a "question of law or fact in common." Fed.R.Civ.P. 24(b). "As its name would suggest, permissive intervention is an inherently discretionary enterprise." *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C.Cir.1998). "In order to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Id.*

The Court finds that the eight non-parties wishing to intervene may do so. Their motions to intervene were all timely filed, and their Rule 24(c) pleadings present issues of law in common with those in the instant case, Civ. A. No. 00–2124. As the parties also allege a violation of federal law, subject matter jurisdiction exists under 28 U.S.C. § 1331.

### B. The Defendant's Motion to Dismiss

#### 1. Standard of Review

■ If a plaintiff has failed "to state a claim upon which relief can be granted," a

court may grant a defendant's motion to dismiss. Fed.R.Civ.P. 12(b)(6); *see also Hishon v. King Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C.Cir.2000). In evaluating a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and give the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States,* 617 F.2d 605, 608 (D.C.Cir.1979); *see also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." *Wiggins v. Hitchens,* 853 F.Supp. 505, 508 n. 1 (D.D.C.1994) (citing 2A Moore's Federal Practice, § 12.07, at 63 (2d ed.1986) (footnote omitted); *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C.Cir.1987)).

## 2. The Defendant's Motion

 Section 1349(a)(2) of Title 43, United States Code, states:

[N]o action [alleging non-compliance with OCSLA] may be commenced ... prior to sixty days after the plaintiff has given notice of the alleged violation, in writing under oath, to the Secretary and any other appropriate Federal official, to the State in which the violation allegedly occurred or is occurring, and to any alleged violator.

43 U.S.C. § 1349(a)(2). As the Supreme Court has "repeatedly noted", "the starting point for interpreting a statute is the language of the statute itself." *Hallstrom v. Tillamook County,* 493 U.S. 20, 25, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989) (interpreting a 60–day notice requirement in a citizen suit statute) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980)). The language of section 1349(a) is unambiguous that the plaintiffs must give "notice" of the alleged violation; that the notice must be "in writing under oath"; and that the notice be delivered more than "sixty days" before September 1, 2000 (the date the plaintiffs' complaint was filed). The Court finds that the plaintiffs have not complied with this rule.

The only document to which the plaintiffs point which precedes September 1, 2000 by more than sixty days is a request for a "rehearing and clarification" of Order No. 639 submitted to the FERC on May 10, 2000. The document describes the ways in which the plaintiffs believe that Order No. 639 violates the OCSLA. Even if the Court were to assume that this document amounts to a "notice" of FERC's noncompliance with OCSLA within the meaning of section 1349(a)(2), there is no evidence (or even allegation) that the document was filed "under oath."

The "under oath" requirement of section 1349(a)(2) is an overt and unambiguous component of a plaintiff's duties under the citizen suit provision. As such, its meaning must be given its full effect. Documents can be placed "under oath" in one of two ways. First, the document may be notarized by a notary public. Second, if a notary public is not used, the document may aver its information "under penalty of perjury." *See* 28 U.S.C. § 1746(2) (stating that a declarant may place a non-notarized declaration "under oath" by stating "I declare under penalty of perjury that the foregoing is true and correct."); *Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300 (5th Cir.1988) (disregarding an affidavit that did not conform with the strictures of 28 U.S.C. § 1746 in summary judgment proceedings).

In the case at hand, the plaintiffs' "request for a rehearing and clarification"

contains neither a notary's seal nor a statement that the paper is made "under penalty of perjury." Thus, the Court finds that the plaintiffs failed to provide notice "under oath" of FERC's alleged violations of OCSLA.[2] This renders the suit violative of section 1349(a)(2), and the Court therefore dismisses the action. *See Hallstrom*, 493 U.S. at 31, 110 S.Ct. 304 ("As a general rule, if an action is barred by the terms of a statute, it must be dismissed."); *see also Hawksbill Sea Turtle v. Federal Emergency Management Agency*, 126 F.3d 461 (3rd Cir.1997) (explaining that the Clean Water Act's 60–day notice provision is a jurisdictional prerequisite for suit); *Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1072 (9th Cir.1996); *Protect Our Eagles' Trees (POETs) v. City of Lawrence, Kansas*, 715 F.Supp. 996 (D.Kan.1989) (dismissing ESA and Clean Water Act ("CWA") claims for failure to comply with jurisdictional sixty-day notice requirements).

In reaching this conclusion, the Court necessarily rejects several of the plaintiffs' arguments. First, the Court declines to follow the reasoning used in *Diamond Shamrock Exploration Co. v. Hodel*, 1990 WL 136756 (E.D.La.1990). In *Diamond Shamrock*, the district court concluded that the notice requirement of section 1349(a)(2) was satisfied because the parties' voluminous briefs were "written, signed by attorneys, and sent to [the agency] more than sixty days before [the plaintiff] filed suit." *Id.* at *3. This Court respectfully disagrees with the court in

*Diamond Shamrock*. In this Court's opinion, the statutory term "under oath" is explicit and unambiguous, and therefore must be given palpable effect. Equally clear is the fact that an oath requires more than just a signature; it requires notarization or the averment that the statement is made under penalty of perjury. Thus, the Court is unpersuaded by the *Diamond Shamrock* decision.

 The Court also rejects the plaintiff's argument that, even if the requirements of section 1349(a)(2) have not been met, the plaintiffs' claims may still proceed under the Court's APA jurisdiction. The Court disagrees. It is well-settled that the APA does not confer any independent jurisdiction on the district courts. The Supreme Court concluded as such in *Califano v. Sanders*, 430 U.S. 99, 104–07, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), stating that "the APA does not afford an implied grant of subject-matter jurisdiction." Rather, courts preside over APA actions by virtue of their 28 U.S.C. § 1331 jurisdiction. *See* Davis & Price, III Administrative Law Treatise, § 18.2 at 165 (3d ed. 1994) ("In the absence of a statutory provision to the contrary, 28 U.S.C. § 1331 confers on district courts exclusive jurisdiction to review any reviewable action of a federal agency.").

The plaintiffs rely heavily on *Bennett v. Spear*, 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) to support their argument for APA jurisdiction. In *Bennett*,

---

**2.** The Court also finds the intervenors to be in violation of the notice requirement. The Williams Companies request for a rehearing, also submitted on May 10, 2000, is not notarized or submitted "under penalty of perjury." In contrast, Dynegy points to no document at all that would meet the notice requirement. Finally, the May 10, 2000 request for rehearing submitted by, inter alia, Chevron U.S.A., Inc., Exxon Mobil Corp.,

Shell Offshore, Inc., Texaco Exploration and Production, Inc., and Amoco Production Co. lacks notarization or a sworn statement. BP Exploration & Oil, Inc., who joined Chevron in its motion to intervene, does not appear to have joined Chevron et al.'s request for a rehearing. As such, BP Exploration points to no document suggesting compliance with the notice requirement.

the Supreme Court held that a claim that did not fall within the citizen suit provision of the Endangered Species Act could nonetheless be pursued under the APA. Importantly, however, the citizen suit provision in *Bennett* differed markedly from the one in the instant case. That citizen suit provision established the conditions under which a citizen suit *could* be brought, but *did not* establish any conditions prohibiting such a suit. In contrast, the citizen suit provision in the instant case plainly bars *all cases* which do not comply with the provision:

> [N]o action [alleging non-compliance with OCSLA] may be commenced ... prior to sixty days after the plaintiff has given notice of the alleged violation,

43 U.S.C. § 1349(a)(2). Thus, *Bennett v. Spear* does not affect this Court's conclusion.

 Finally, the Court rejects the plaintiffs' argument that the notice requirement need not be satisfied because Order No. 639 "immediately affects a legal interest of the plaintiff[s]". 43 U.S.C. § 1349(a)(3). Although Order No. 639 may ultimately affect the plaintiffs' legal interest in the confidentiality of their price schedules, it cannot be said that the Order will "immediately" have this affect. As the Court has already explained in its October 13, 2000 Memorandum and Order denying the plaintiffs' motion for a preliminary injunction, the mere fact that the information is turned over to the FERC does not mean that the information will instantly be made public. Rather FERC regulations provide numerous ways in which the information may remain confidential. *See* Memorandum and Order, Oct. 13, 2000, at 3–4.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the defendant's motion to dismiss [23–1, 24–1] is GRANTED; further, it is

ORDERED that non-party Chevron et al.'s motion to intervene [12–1] is GRANTED; further, it is

ORDERED that non-party Dynegy's [15–1] motion to intervene is GRANTED; further, it is

ORDERED that non-party Williams Companies motion to intervene [14–1] is GRANTED; further, it is

ORDERED that Williams Companies' motion to file pages from the Congressional Record [18–1] is DENIED AS MOOT; further, it is

ORDERED that FERC's motion to dismiss Williams Companies' motion to intervene [14–1] is DENIED; further, it is

ORDERED that FERC's motion to dismiss Dynegy's motion to intervene [21–1] is DENIED; further, it is

ORDERED that FERC's renewed motion to dismiss Dynegy's motion to intervene [36–1] is DENIED; further, it is

ORDERED that FERC's motion to dismiss Chevron et al.'s motion to intervene [22–1] is DENIED; further, it is

ORDERED that FERC's motion to dismiss Devon Energy Corp. et al.'s motion to intervene [39–1] is DENIED AS MOOT; further, it is

ORDERED that Williams Companies motion for judicial review of administrative orders [26–1] is DENIED AS MOOT;

ORDERED that Williams Companies motion for declaratory and injunctive relief [26–2] is DENIED AS MOOT;

This case stands DISMISSED WITHOUT PREJUDICE.

SO ORDERED.